1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JAVIER H. GUERRA,                              No.  2:20-CV-0836-DMC-P

12                    Plaintiff,

13           v.                                      ORDER

14    PRICILLA ROSALES, et al.,

15                    Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983.  Pending before the Court is Plaintiff's second motion for the appointment of

19    counsel, ECF No. 14, filed approximately two weeks after issuance of the Court's order denying

20    Plaintiff's first motion for the appointment of counsel.

21           The United States Supreme Court has ruled that district courts lack authority to

22    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

23    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

24    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

25    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

26    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

27    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

28    complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

                                                    1

1  dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

2  Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

3  of counsel because:

4           . . . Terrell demonstrated sufficient writing ability and legal knowledge to
            articulate his claim.  The facts he alleged and the issues he raised were not
5           of substantial complexity.  The compelling evidence against Terrell made it
            extremely unlikely that he would succeed on the merits.
6

7           Id. at 1017.

8           In denying Plaintiff's prior motion for counsel, the Court stated:

9                  . . .Plaintiff argues appointment of counsel is warranted
            because it is not trained in the law and he is incarcerated.  These are
10          common, not exceptional, circumstances.  Further, a review of Plaintiff's
            filings indicates that he is able to articulate his claims, either on his own or
11          with the assistance of other inmates.  Additionally, the legal and factual
            issues involved in this case, which appears to assert an Eighth Amendment
12          claim based on denial of medical care, are not complex.  Finally, at this
            early stage of the proceedings before the complaint has been found
13          appropriate for service, the Court cannot say Plaintiff has established any
            particular likelihood of success on the merits.
14
            ECF No. 13.
15

16  Plaintiff now states that an inmate who had been assisting him has now "left my Block."  ECF

17  No. 14.  Plaintiff states that he does not know how to proceed.  See id.

18          In the present case, the Court does not at this time find the required exceptional

19  circumstances.  With the exception of issuance of an order directing service of Plaintiff's

20  complaint, nothing has changed since the last time the Court addressed Plaintiff's request for

21  appointment of counsel.  Specifically, the complaint has not been served, no defendants have

22  answered, and, as a result, the Court cannot say that Plaintiff has any particular chance of success

23  on the merits.  Moreover, to the extent Plaintiff seeks additional time for a specific deadline, the

24  Court will consider such requests as the need arises.

25  / / /

26  / / /

27  / / /

28  / / /

1    Accordingly, IT IS HEREBY ORDERED that Plaintiff's second request for the

2 appointment of counsel, ECF No. 14, is denied.

3

4 Dated:  August 26, 2021

5             _____

               DENNIS M. COTA

6               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28